IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FORUTOME IP LLC,<br><br>                Plaintiff,<br>v.<br><br>NELSON IRRIGATION CORPORATION,<br><br>                Defendant. | C.A. No. 21-cv-1096<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE**<br><br>**Judge Sara L. Ellis** |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's minute entry (Dkt. No. 22) dated May 3, 2021, plaintiff Forutome IP LLC ("Forutome") and defendant Nelson Irrigation Corporation ("Nelson") submit this Joint Initial Status Report.

**1. The Nature of the Case**

    **a. Attorneys of Record**

Plaintiff Forutome IP LLC is represented by David R. Bennett (lead counsel) of Direction IP Law.

Defendant Nelson Irrigation Corporation is represented by David A. Lowe of Lowe Graham Jones.

    **b. Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The parties do not dispute jurisdiction.

    **c. Nature of the Claims Asserted in the Complaint and Counterclaims**

This is a patent infringement action involving U.S. Patent No. 6,191,607 titled "Programmable Bus Hold Circuit and Method of Using the Same." (collectively "patent-in-suit"). The invention in the patent-in-suit relate to the field of circuits that reduce input/output bus

contention as may be used in computer input/output devices. Forutome alleges that Nelson directly infringes claims 1 and 14 of the patents-in-suit through making, using, selling, and/or offering for sale the TWIG ("Accused Instrumentality") having the claimed bus hold circuit.

Nelson denies Forutome's claims and asserts that it has not infringed any valid claim of the patent-in-suit, that the claims of the patent-in-suit are invalid, that Forutome's claims are barred by laches, estoppel and/or acquiescence, and that Forutome's claim for damages is limited, including by 35 U.S.C. § 287.

### d. Major Legal and Factual Issues

At this time, the parties understand that the principal disputed factual and legal issues will concern claim construction of terms within the asserted claims of the patents-in-suit, infringement of the asserted claims of the patents-in-suit, validity of the asserted claims of the patents-in-suit, and damages.

### e. Relief Sought by Plaintiff

Presently, Forutome seeks compensatory damages for infringement of the patents-in-suit by Nelson, in the amount of at least a reasonable royalty as provided by 35 U.S.C. § 284.

## 2. Mandatory Initial Discovery (Pilot Program)

This is a patent case and the parties will be abiding by the disclosure requirements as set forth in the Local Patent Rules.

## 3. Pending Motions and Case Plan

### a. Pending Motions

No motions are pending

### b. Case Plan

#### i. General Type of Discovery Needed

Plaintiff and Defendant identify and anticipates taking document and testimonial discovery on the following issues:

1. Document and testimonial discovery from Nelson relating to specifications, architecture, design, operation, components, and functionality of the accused products, including their accused hardware, firmware, and software features and source code;

2. Document and testimonial discovery related to Nelson's alleged acts of infringement;

3. Document and testimonial discovery from third party component suppliers relating to specifications, architecture, design, operation, components, and functionality of integrated circuits, including their accused hardware, firmware, and software features and source code;

4. Document and testimonial discovery relating to the underlying basis, if any, for Nelson's non-infringement contentions;

5. Document and testimonial discovery relating to the underlying basis, if any, for Nelson's invalidity contentions, including prior art;

6. Document and testimonial discovery relating to the underlying basis, if any, for Nelson's affirmative defenses and counterclaims;

7. Document and testimonial discovery relating to Nelson's knowledge of the Patents-in-Suit;

8. Document and testimonial discovery relating to damages, including the reasonable royalty factors identified in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970);

9. Document and testimonial discovery relating to any allegedly non-infringing alternatives;

10. Document and testimonial discovery relating to Nelson's volume of sales, pricing, profit margin, customers, geographic distribution, and distribution channels, of its accused products;

11. Document and testimonial discovery relating to Nelson's organizational structure, including organizational charts and such other documents sufficient to identify persons and entities responsible for the design, development, specifications, sales, and marketing of the accused products;

### ii. Proposed Case Schedule

| Event | Deadline |
| --- | --- |

| | |
|---|---|
| Joint Scheduling Order | June 9, 2021 |
| Rule 26(a)(1) Disclosures | June 25, 2021 |
| Initial Infringement Contentions | July 2, 2021 |
| Initial Non-Infringement, Unenforceability and Invalidity Contentions | August 6, 2021 |
| Initial Response to Invalidity Contentions | September 10, 2021 |
| Deadline for joining additional parties | November 10, 2021 |
| Final Infringement, Unenforceability and Invalidity Contentions | February 18, 2022 |
| Final Non-infringement, Enforceability and Validity Contentions | March 18, 2022 |
| Exchange of Claim Terms Needing Construction and Proposed Construction | April 8, 2022 |
| Opening Claim Construction Brief | May 13, 2022 |
| Responsive Claim Construction Brief | June 10, 2022 |
| Reply Claim Construction Brief | June 24, 2022 |
| Joint Claim Construction Chart | July 1, 2022 |
| Claim Construction Hearing | July 26, 2022, subject to the Court availability |
| Claim Construction Ruling | |
| Amendment of Final Contentions | 14 days after Claim Construction Ruling |
| Close of Fact Discovery | 42 days after Claim Construction Ruling |
| Expert Reports of Parties with Burden of Proof | 28 days after Close of Fact Discovery |

| | |
|---|---|
| Rebuttal Expert Reports | 35 days after Initial Expert Reports |
| Completion of Expert Witness Depositions | 35 days after Rebuttal Expert Reports |
| Final Day for Filing Dispositive Motions | 28 days after Close of Expert Discovery |
| Case Ready for Trial | 20 weeks after Filing Dispositive Motions |

    **c. Jury Trial and Proposed Length**

A jury trial has been requested and the parties expect the trial to be five (5) days.

**4. Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge for all purposes.

**5. Status of Settlement Discussions**

Forutome provided Nelson with a settlement demand. No further settlement discussions have occurred. The parties do not request a settlement conference.


June 8, 2021

Respectfully submitted,

/s/ *David A. Lowe*
David A. Lowe
Admitted Pro Hac Vice
LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Phone: 206.381.3300
Lowe@LoweGrahamJones.com

Robert D. Cheifetz
robc@sperling-law.com
Ashima Talwar
atalwar@sperling-law.com
SPERLING & SLATER, P.C.

Respectfully Submitted,

*/s/ David R. Bennett*
David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

*Attorneys for Plaintiff Forutome IP LLC*

5

55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Phone: (312) 641-3200

*Attorneys for Plaintiff Nelson Irrigation Corporation*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document was served on all parties who have appeared in this case on June 8, 2021, and who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ David R. Bennett*
David R. Bennett